**Don E. SCOTT, Plaintiff-Appellee,**

v.

**Alex B. LACY, Jr., et al.,
Defendants-Appellants.**

**No. 87–1101.**

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 29, 1987.

Decided Feb. 17, 1987.

John L. Morel, Dunn, Goebel, Ulbrich, Morel & Hundman, Bloomington, Ill., for defendants-appellants.

Verne H. Evans, Long, Rabin & Young, Ltd., Springfield, Ill., for plaintiff-appellee.

Before COFFEY, FLAUM and EASTERBROOK, Circuit Judges.

PER CURIAM.

The motion to dismiss this interlocutory appeal presents a question reserved in *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 2812 n. 5, 86 L.Ed.2d 411 (1985)— whether public officials may appeal immediately the rejection of their defense of immunity from liability in damages, when a claim for an injunction is pending and will be tried no matter the outcome of the appeal. This question has divided the courts of appeals. Compare *Bever v. Gilbertson,* 724 F.2d 1083 (4th Cir.1984) (not appealable), with *Tubbesing v. Arnold,* 742 F.2d 401 (8th Cir.1984) (appealable), *De Abadia v. Izquierdo Mora,* 792 F.2d 1187 (1st Cir. 1986) (appealable), and *Kennedy v. City of Cleveland,* 797 F.2d 297, 306 (6th Cir.1986) (appealable). Without explicitly addressing the issue, we have accepted jurisdiction of an interlocutory appeal when injunctive issues remain. *Carson v. Block,* 790 F.2d 562, 564 (7th Cir.1986). We now follow the majority position and hold that a pending request for an injunction does not defeat jurisdiction of interlocutory appeals based on claims of immunity.

The rationale for interlocutory appeal given in *Mitchell* is that immunity frees officials from the burden and emotional turmoil of trial as well as from the duty to pay money. The "right not to be tried" is lost if not vindicated before trial. As a practical matter, a public official who is a defendant in a suit seeking an injunction is not "on trial" at all. The suit seeks relief

against him in his official capacity; he need not attend the trial, which will be conducted by attorneys representing the governmental body. If he leaves office during the interim, he leaves the case behind and his successor becomes the party. The litigation may leave mental scars, especially if the suit challenges the official's integrity, but this effect does not necessarily depend on the conduct of the trial. A declaration that the official is immune from damages ends the case for that official as a litigant, even though it may not end the case for the body he represents. The "right not to be tried" pertains to the request for damages alone, for that is the source of the distraction. Moreover, if a request for an injunction prevented appeal on the question of immunity, plaintiffs who wished to harass officials to travail would need only demand equitable relief, defeating the defendants' opportunity to obtain prompt review. The rule concerning jurisdiction affects the number of requests for injunctions; we cannot simply assume that the way the plaintiff frames his claims is exogenous.

Don Scott, the plaintiff in this case, used to be a purchasing official at Sangamon State University. The three appellants are Larry Korte, the comptroller of the University and Scott's former supervisor; Tom Goins, a vice president of the University and Korte's supervisor; and Alex Lacy, the president of the University. Scott claims that the defendants made his life miserable and forced him to resign because of his speech about the activities of the purchasing department of the University. He wants reinstatement and other equitable relief, and he also wants damages. The district court denied the appellants' motion for summary judgment on the damages claims, concluding that it has long been "established" that public officials may not retaliate for the speech of public employees about matters of public concern. *Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). The extent to which rights have been "established"—more importantly, whether they have been declared

in such a way that reasonably competent officials would agree on their application to a given set of facts, see *Malley v. Briggs,* —— U.S. ——, 106 S.Ct. 1092, 1096, 1098–99, 89 L.Ed.2d 271 (1986); *Azeez v. Fairman,* 795 F.2d 1296, 1301 (7th Cir.1986)—is a standard subject for interlocutory appeal after *Mitchell.* The extent to which appellate review may consider any matters beyond the face of the complaint is unsettled, see *Wade v. Hegner,* 804 F.2d 67 (7th Cir. 1986), and the several opinions in *Bonitz v. Fair,* 804 F.2d 164 (1st Cir.1986), but there can be no question that some interlocutory appellate review is appropriate. The motion to dismiss the appeal is therefore denied, and the case is set for briefing and argument in the regular course.