**Morton W. WEIR, Judith S. Liebman, Robert M. Berdahl, and Donald L. Bitzer, Petitioners–Defendants,**

v.

**Franklin M. PROPST, Respondent–Plaintiff.**

Nos. 90–8071, 90–8072.

United States Court of Appeals, Seventh Circuit.

Submitted July 31, 1990.

Decided Oct. 1, 1990.

284

Michael M. Conway, Hopkins & Sutter, Chicago, Ill., James Kearns, Heyl, Royster, Voelker & Allen, Urbana, Ill., Arnold F. Blockman, Hatch, Blockman, McPheters, Fehrenbacher & Lyke, Champaign, Ill., for petitioners-defendants.

John W. Leskera, Dunham, Boman and Leskera, East St. Louis, Ill., Robert G. Kirchner, Lerner and Kirchner, Champaign, Ill., for respondent-plaintiff.

Before CUDAHY, POSNER and COFFEY, Circuit Judges.

POSNER, Circuit Judge.

These two applications seek permission to appeal an order that "involves a controlling question of law as to which there is substantial ground for difference of opin-

ion." 28 U.S.C. § 1292(b). The case out of which they arise is a civil rights suit that began in 1987. On January 29 of this year the district court denied a motion by several defendants to dismiss them from the case. They claimed to be immune from liability to pay damages because the right that the plaintiff seeks to enforce was not clearly established when they acted. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The defendants did not appeal from the denial of their motion to dismiss them as immune, as was their right under *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), which treats such orders as "collateral orders" immediately appealable under 28 U.S.C. § 1291 (the final-decision rule). Instead on April 2 they asked the district judge to reconsider his order or in the alternative to certify it for appeal under section 1292(b). The judge denied the former, but granted the latter, relief on June 18, setting the stage for the applications by the defendants for permission to appeal to us immediately. The plaintiff urges us to deny the applications.

We write to clarify the relationship between the collateral-order doctrine and 1292(b) certification in the recurrent setting of appeals from denial of immunity.

■ The defendants in invoking section 1292(b) of course do not argue that the order denying reconsideration involves "a controlling question of law as to which there is substantial ground for difference of opinion." Their argument, which the district judge accepted, is that his original order—the order of January 29 denying the motion to dismiss them on immunity grounds—involves such a question. If the defendants wanted to appeal from that order, however, they didn't need 1292(b); the order was appealable—without any of the rigmarole involved in a 1292(b) appeal—under section 1291, by virtue of *Mitchell v. Forsyth*. It is true that a similar order was appealed under section 1292(b) in *Kovats v. Rutgers*, 822 F.2d 1303, 1306 (3d Cir.1987). But that is because the Third Circuit, unlike this circuit, believes that orders denying immunity are not immediately

appealable under *Mitchell* if the case involves injunctive issues (to which the immunity doctrine is inapplicable) as well as damages issues. Compare *Prisco v. Department of Justice*, 851 F.2d 93, 96 n. 2 (3d Cir.1988), with *Scott v. Lacy*, 811 F.2d 1153 (7th Cir.1987) (per curiam). There are no injunctive issues in this case and anyway this is the Seventh Circuit, where it doesn't matter whether there are or not. Other decisions opened the 1292(b) route for immunity appeals before the Supreme Court in *Mitchell v. Forsyth* made clear that there was another, much simpler route, *Daniels v. Kieser*, 586 F.2d 64, 67–68 (7th Cir.1978); *McSurely v. McClellan*, 697 F.2d 309, 316 n. 12 (D.C.Cir.1982) (per curiam), but none of them suggested that 1292(b) was the preferred route. Or the easier one. Quite the contrary. *Forsyth v. Kleindienst*, 599 F.2d 1203, 1208 (3d Cir. 1979).

If, irrationally, the defendants in this case nonetheless insisted on going the 1292(b) route, there was nothing to prevent them. *Colaizzi v. Walker*, 812 F.2d 304, 306–07 (7th Cir.1987). Although 1292(b) applies only to orders "otherwise unappealable *under this section*" (emphasis added), that is, under section 1292, collateral orders are appealable under section 1291, so the language we have quoted is not a bar to the use of section 1292(b). Since orders appealable under section 1291 can, therefore, also be appealed under section 1292(b), we reject the plaintiff's argument that 1292(b) may not be used to review a collateral order. But we have yet to consider his argument that it may not be used to circumvent the time limitations on filing an appeal under section 1291.

It may seem that if the defendants wanted to proceed by the unnecessarily steep and thorny route provided by section 1292(b) they were required—yet they made no effort—to persuade the district judge to put his certification in the order to be appealed, or at least in an order issued quick on the heels of the order to be appealed. The statute, read literally, would exclude even the latter course. It states that "when a district judge ... shall be of the opinion that such order involves a control-

ling question of law [etc.] ... he shall so state in writing *in such order*" (emphasis added), rather than in an order issued (in this case) five months after the order said to involve the controlling question of law.

The objection to reading "in such order" literally is that the district judge naturally looks to the parties to advise him on whether to certify an order for an immediate appeal, and they can hardly do that until they have seen the order—until it has been issued, in other words. Moreover, the controlling character of the question decided in the order may not emerge until subsequent developments in the litigation. For both reasons it is commonplace for the district judge to be asked to·certify an order for an immediate appeal under section 1292(b) after—and not necessarily immediately after—he has issued the order. And it is commonplace for him to agree to do so—with our acquiescence. In *Nuclear Engineering Co. v. Scott*, 660 F.2d 241, 245–48 (7th Cir.1981), we allowed the district judge, first by certifying a previously issued order and then by reentering the certified order, to open up a gap of slightly more than a month between the entry of the order and the certification that started the appellant's ten-day clock running. This approach, although followed in *In re Benny*, 812 F.2d 1133, 1137 (9th Cir.1987), remains controversial. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 161–62, 104 S.Ct. 1723, 1730–31, 80 L.Ed.2d 196 (1984) (dissenting opinion). But as we are about to see, there is no occasion in this case to consider its soundness.

■ Cases such as *Nuclear Engineering* and *Benny* may be thought to stand for the proposition that reasonable simultaneity of the certification with the order certified is required. If so, the defendants are sunk. The requirement that the district court include the required certification in the order to be appealed, and that the appellant seek our permission to take the appeal within ten days after the order, indicates that celerity was to be the touchstone of appealability under that section. The reason is not hard to see. An interlocutory appeal normally interrupts the trial

even though it does not suspend the trial court's jurisdiction, and the parties ought to know at the earliest possible opportunity whether such an interruption is going to occur. The delay here was as gratuitous as it was protracted. Nothing happened between the denial of the defendants' motion to dismiss them from the case and the filing of their motion for reconsideration and certification to justify their having failed to appeal the denial as a matter of right, as they could have done by virtue of *Mitchell*. And the time limits in section 1292(b) may not be circumvented by the facile device of asking for reconsideration of the order sought to be appealed under that section. *Fisichelli v. City Known as Town of Methuen*, 884 F.2d 17 (1st Cir. 1989).

■ Moreover, denying permission to appeal would not forfeit the defendants' right to bring the issue of immunity to us later. If they lost on the merits and appealed, they could bring up to us any interlocutory ruling that had not become moot, even if the ruling was appealable earlier, provided of course that it had not been appealed. *Kurowski v. Krajewski*, 848 F.2d 767, 772–73 (7th Cir.1988). But they are wrong to argue from *Kurowski* that they can appeal an appealable interlocutory ruling at any time, and so can appeal the order denying immunity, as a collateral order, even if section 1292(b) is not available to them. The deadlines in Rule 4(a) for appeals in civil cases apply to all appealable orders, including collateral orders, specifically orders denying immunity. *Fisichelli v. City Known as Town of Methuen, supra; Kennedy v. City of Cleveland*, 797 F.2d 297, 304 (6th Cir.1986); *Kenyatta v. Moore*, 744 F.2d 1179, 1186 (5th Cir.1984). If the deadline is missed, the order is not appealable. The defendant must then wait until another appealable order (normally, the final judgment) is entered, upon appeal of which he can challenge any interlocutory order that has not become moot.

■ But we have yet to consider the bearing of Rule 5(a) of the Federal Rules of Appellate Procedure, which provides, so far as is pertinent here, that "an [interlocutory] order may be amended to include the prescribed statement [i.e., the 1292(b) certi-

fication] at any time, and permission to appeal may be sought within 10 days after the entry of the order as amended." See *Aparicio v. Swan Lake*, 643 F.2d 1109, 1112 (5th Cir.1981), for discussion. When the district judge granted the motion to certify his previous order, he in effect amended that order to include the required statement, and by doing so he started the ten-day clock running. Cases like *Nuclear Engineering* and *Benny* do not discuss Rule 5(a), presumably because in those cases the judge had previously entered a certified order, the ten-day period had run without an appeal being taken, and the issue was whether the judge could give the parties another crack at interlocutory appellate review by entering a new certified order. In this case no previous such order was ever entered.

Although the district judge has by virtue of Rule 5(a) the power to amend his interlocutory ruling at any time, it does not follow that the power was properly exercised in this case. The grant of a power is not a license to abuse it. The ten-day limitation in section 1292(b) is not to be nullified by promiscuous grants of motions to amend. An amendment that will have the effect of extending the limitation is proper only if there is a reason for the delay, as there would be for example if developments since the interlocutory order had been entered demonstrated, as had been unclear earlier, that the order resolved a controlling question of law about which there was substantial ground for a difference of opinion. Neither the parties nor the district judge have presented any reason for the delay in certification in this case; the delay as we have said was gratuitous. Therefore, for us to permit an immediate appeal would undermine the statutory ten-day limitation without promoting the goals of Rule 5(a), and we therefore decline to exercise our discretion to accept an immediate appeal under section 1292(b). The applications for leave to appeal are

DENIED.