**Ron TODD, Commissioner of Insurance, Insurance Department of Kansas, as Liquidator for National Colonial Insurance Company, Plaintiff,**

v.

**Murray RICHMOND, in his capacity as Trustee of certain Trusts, Defendant.**

**No. 94–4001–SAC.**

United States District Court, D. Kansas.

Feb. 27, 1995.

Miriam Glueck, Polsinelli, White, Vardeman & Shalton, Overland Park, KS, Frank A. Caro, Jr., Richard H. Ralston, Mary Jo Shaney, Polsinelli, White, Vardeman & Shalton, Kansas City, MO, for plaintiff.

Stephen M. Kerwick, Wichita, KS, James L. Grimes, Jr., Foulston & Siefkin, Topeka, KS, Steven A. Berger, Berger, Stern & Webb, New York City, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendant's motion to certify the court's order filed May 3, 1994, for immediate appeal pursuant to 28 U.S.C. § 1292(b). Before going to the merits, the court will explain its reasons for waiting until now to decide this pending motion. A brief procedural history to the case will help one to understand those reasons.

In January of 1994, the plaintiff, the state court-ordered liquidator for National Colonial Insurance Company ("NCIC") filed in the District Court of Shawnee County, Kansas, an action against Murray Richmond as the trustee of certain irrevocable trusts created by the DSN Dealer Service Network, Inc. ("DSN"). The ongoing business relationship between DSN and NCIC was built around the following transactions. DSN sold and administered extended warranty service contracts. DSN deposited some of the contract sale proceeds into trust funds that were then used to reimburse dealers for claims made on the service contracts. NCIC insured some of DSN's extended warranty service contract programs, that is, NCIC essentially guaranteed the dealers they would be reimbursed in the event the trust funds were insufficient to meet all contract claims.

In its suit, the plaintiff liquidator alleged that the trustee had misused trust funds and had refused to cooperate in the state's liquidation proceeding of NCIC. Three days after the state suit was filed, the defendant removed it to federal court alleging diversity jurisdiction. Four days after that, the plaintiff filed its motion to remand on abstention grounds.

Giving the motion to remand the expedited treatment requested by the parties, the court denied the motion in an order published at *Todd v. Richmond,* 844 F.Supp. 1422 (D.Kan. 1994). The court therein agreed with the plaintiff that even though abstention was not one of the two grounds for remand mentioned in 28 U.S.C. § 1447(c) the court had

authority to remand on the basis of *Burford*[1] abstention. 844 F.Supp. at 1425. In the court's judgment, the factors favoring abstention that were argued by the plaintiff lacked the weight and number to defeat the strong preference for exercising federal jurisdiction. 844 F.Supp. at 1430–31.

The plaintiff took a second swing at remand in the form of a motion to reconsider. The plaintiff sharpened its analysis of the legal issues presented by current case law. The new analysis persuaded the court that it had "misapprehended the factual and legal basis of the plaintiff's intended case." *Todd v. Richmond,* 853 F.Supp. 1309, 1314 (D.Kan. 1994) (footnote omitted). Specifically, the court came to appreciate that a determination of NCIC's potential liability exposure turned on a number of legal issues that were to be decided in the state liquidation proceeding or that were inextricably intertwined with that proceeding. Consequently, the court granted the plaintiff's motion to reconsider and remanded the case to state court. 853 F.Supp. at 1315. This is the same order from which the defendant now seeks to take an interlocutory appeal.

The day after the court filed its order granting the plaintiff's motion to reconsider, the defendant moved to stay the remand (Dk. 41). To preserve the status quo pending its decision on the motion to stay, the court directed the clerk of the court to withhold mailing the court's remand order to the state court (Dk. 43). The defendant filed its notice of appeal on the same day, May 4, 1994. (Dk. 44).

On May 18, 1994, the defendant filed the instant motion to certify pursuant to 28 U.S.C. § 1292(b) for immediate appeal. (Dk. 50). In its opposition to this motion, the plaintiff questioned the district court's authority to decide the motion citing the well-established rule that a district court's jurisdiction over a case divests upon the filing of a proper notice of appeal. (Dk. 52 at n. 1). On June 20, 1994, the district court received the Tenth Circuit's mandate that it had dismissed the appeal on the appellant's own motion. (Dk. 53). The next day the plaintiff filed the following notice with the district court:

> Plaintiff Rod (sic) Todd, in his capacity as Liquidator of National Colonial Insurance Company, hereby notifies this Court that Defendant Murray Richmond, who filed a Notice of Appeal alternatively seeking mandamus on May 4, 1993, voluntarily dismissed his appeal on or around June 13, 1994, and that on June 20, 1994, the Plaintiff and Appellee Ron Todd filed with the Tenth Circuit Court of Appeals its Motion to Consider and Modify the Court Order Dismissing Appellant's Voluntary Dismissal. There is presently pending, therefore, a matter before the Tenth Circuit Court of Appeals in connection with this case.

(Dk. 55). The district court learned the first week in February of 1995 that the plaintiff's motion pending before the Tenth Circuit had been denied in November of 1994.

From the filing of the notice of appeal until the Tenth Circuit's issuance of the mandate in June of 1994, the court assumed it did not have control of the case to decide the motion to certify. *But cf. Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 378–79, 105 S.Ct. 1327, 1330–31, 84 L.Ed.2d 274 (1985). By what the plaintiff had filed, the court also assumed the plaintiff's position to be the same on the district court's apparent lack of jurisdiction. Upon the Tenth Circuit's issuance of the mandate on June 20, 1994, the court knew it probably regained jurisdiction of the case. *See Caldwell v. Puget Sound Elec. Apprenticeship and Training Trust,* 824 F.2d 765, 767 (9th Cir.1987). The plaintiff, however, filed on June 21, 1994, in the Tenth Circuit a motion to modify the dismissal order and mandate so as to have the defendant's appeal dismissed with prejudice and to have the district court ordered to remand the case immediately to state court. At that time the district court believed the more prudent use of judicial resources was to wait for the Tenth Circuit's decision on the plaintiff's motion. In hindsight, that was the wrong decision, and the court apologizes for the delay resulting from it.

---

**1.** *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

## MERITS

Pursuant to 28 U.S.C. § 1292(b), the defendant asks the court to amend its order on reconsideration adding that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Analysis of this motion to certify tracks the following three issues: (1) whether 28 U.S.C. § 1447(d) precludes review of the remand order; (2) if review is available, whether an extraordinary writ is the only permissible means for seeking review; and (3) whether certification for interlocutory appeal is the proper avenue for review.

### 28 U.S.C. § 1447(d)

This provision reads:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

A straightforward reading of this provision suggests the court's order is not reviewable on a direct or interlocutory appeal "or otherwise" as upon an extraordinary writ. " 'Straightforward' is about the last word judges attach to § 1447(d) these days, however." *Matter of Amoco Petroleum Additives Co.*, 964 F.2d 706, 708 (7th Cir.1992).

The Supreme Court in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345–52, 96 S.Ct. 584, 590–94, 46 L.Ed.2d 542 (1976), construed § 1447(d)'s immunity from review as applying only to cases remanded pursuant to § 1447(c), when there is a "defect in removal procedure" or "the district court lacks subject matter jurisdiction." "Thus, all remand orders made pursuant to 1447(c) are unreviewable 'whether erroneous or not and whether review is sought by appeal or by extraordinary writ.' " *Westinghouse Credit Corp. v. Thompson*, 987 F.2d 682, 683 (10th Cir.1993) (quoting *Thermtron*, 423 U.S. at 343, 96 S.Ct. at 589). Put another way, *Thermtron* leaves open the possible

review of orders remanding cases on grounds not listed in § 1447(c).

■ This court did not order remand because of an improvident removal or because of a lack of subject matter jurisdiction. In deciding to abstain, this court necessarily assumed it had subject matter jurisdiction but in its discretion abstained from exercising that jurisdiction because it would unduly interfere with state matters. *See Doughty v. Underwriters at Lloyd's, London*, 6 F.3d 856, 860 (1st Cir.1993). "A remand based on a district court's perceived discretion is not ordered pursuant to § 1447(c)." *Albertson's, Inc. v. Carrigan*, 982 F.2d 1478, 1480 (10th Cir.1993). Section 1447(d) does not bar appellate review of abstention-driven remands. *Minot v. Eckardt–Minot*, 13 F.3d 590, 592 (2nd Cir.1994); *Doughty*, 6 F.3d at 860; *Garcia v. Island Program Designer, Inc.*, 4 F.3d 57, 59 (1st Cir.1993); *Melahn v. Pennock Ins., Inc.*, 965 F.2d 1497, 1501 (8th Cir.1992). The next issue is the proper means for reviewing the remand order, and it is a matter over which there is more of a dispute.

### Available Avenues for Review

In *Thermtron*, the district court had not remanded the case for a reason provided in § 1447(c) but for a congested docket. The Supreme Court held that the district court's remand order was reviewable on a writ of mandamus. 423 U.S. at 353, 96 S.Ct. at 594. Among its comments on the appropriateness of mandamus, the Supreme Court said:

[B]ecause an order remanding a removed action does not represent a final judgment reviewable by appeal, "[t]he remedy in such a case is by mandamus to compel action, and not by writ of error to review what has been done." [*Chicago & Alton*] *Railroad Co. v. Wiswall*, 23 Wall [507], at 508 [23 L.Ed. 103 (1875) ].... There is nothing in our later cases dealing with the extraordinary writs that leads us to question the availability of mandamus in circumstances where the district court has refused to adjudicate a case, and has remanded on grounds not authorized by the removal statutes. (Citations omitted). On the contrary, these cases would support the use of mandamus to prevent nullifica-

tion of the removal statutes by remand orders resting on grounds having no warrant in the law.

423 U.S. at 352–53, 96 S.Ct. at 594. Thus, the Court saw mandamus as appropriate in that the remand order was not otherwise appealable, the district court had refused to exercise its jurisdiction[2], and the district court's remand was on grounds not authorized by the removal statutes.

In *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 348–53, 108 S.Ct. 614, 617–21, 98 L.Ed.2d 720 (1988),[3] the Supreme Court held that a district court can remand a case where the plaintiff drops his federal claims and moves to remand the pendent state law claims. The Court rejected the argument that a remand of pendent claims violated the removal statutes. 484 U.S. at 353–54, 108 S.Ct. at 621. More importantly, the Court limited the force of *Thermtron's* holding that a remand on grounds other than § 1447(c) is impermissible:

> The language from *Thermtron* that petitioners cite, viewed in isolation, is admittedly far-reaching, but it loses controlling force when read against the circumstances of that case. The *Thermtron* decision was a response to a clearly impermissible remand, of a kind very different from that at issue here. . . . The *Thermtron* opinion itself recognized this distinction by stating that federal courts have no greater power to remand cases because of an overcrowded docket than they have to dismiss cases on that ground. (citation omitted). The

implication of this statement, which is confirmed by common sense, is that an entirely different situation is presented when the district court has clear power to decline to exercise jurisdiction. *Thermtron* therefore does not control the decision in this case.

484 U.S. at 355–56, 108 S.Ct. at 622. The effect of *Carnegie–Mellon* is to recognize another permissible basis for remand while taking away one of *Thermtron's* justifications for mandamus.[4]

■ For the most part, the Tenth Circuit's practice has been to review a remand order only upon a petition for mandamus. *Westinghouse Credit Corp. v. Thompson,* 987 F.2d at 684 ("Review of the remand of the pendent claims, however, must be by mandamus."); *Albertson's, Inc. v. Carrigan,* 982 F.2d at 1480 (same holding as in *Thompson* ); *State of Oklahoma v. The Guardian Life Insurance Company of America,* Nos. 92–6345, 92–6361, 1993 WL 88282, 1993 U.S.App. LEXIS 6435 (10th Cir. March 26, 1993) (Review of remand on *Burford* abstention grounds is not available on direct appeal but may be obtained on a petition for mandamus).[5] In both *Albertson's* and *Westinghouse,* the court made a point of distinguishing a Tenth Circuit precedent where a remand order had been found reviewable on direct appeal.

This notable exception is *Milk 'N' More, Inc. v. Beavert,* 963 F.2d 1342, 1344 (10th Cir.1992). In *Beavert,* the district court found an enforceable forum selection clause

---

**2.** "[A]ppeals courts may use mandamus to compel a district court to exercise its jurisdiction when it has a duty to do so." *Albertson's, Inc. v. Carrigan,* 982 F.2d 1478, 1480 (10th Cir.1993) (citation omitted).

**3.** In *Carnegie–Mellon,* the district court had granted the plaintiffs' motion to amend their complaint deleting their federal age discrimination claims. It also had granted the plaintiffs' motion to remand the remaining state law claims. The defendants petitioned the Court of Appeals for a writ of mandamus. Sitting en banc, the Court of Appeals denied the petition finding that the district court had authority to remand the case.

**4.** Overlaying these two Supreme Court opinions are a number of circuit court decisions that recognize additional exceptions to the appellate re-

view bar of remand orders. Rather than burden this order with an extended discussion of those exceptions and the cases exemplifying them, the court refers interested readers to a recent instructive law review article on this subject. Michael E. Solimine, *Removal, Remands, and Reforming Federal Appellate Review,* 58 Mo.L.Rev. 287 (1993). Of interest here is an exception for interlocutory appeals brought either from an order that the district court certifies under 28 U.S.C. § 1292(b) or from an order that qualifies for appeal under the collateral order doctrine.

**5.** This order and judgment is not binding precedent, except under the doctrines of the law of the case, res judicata, and collateral estoppel. The Tenth Circuit generally disfavors the citation of unpublished opinions or orders and judgments. Nevertheless, they may be cited if they are believed to have "persuasive value with respect to a material issue in a case." 151 F.R.D. 470.

in the parties' contract and remanded the case to the state forum agreed to in the contract. The Tenth Circuit looked principally to *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 276-78 (9th Cir.1984), in finding the remand order appealable under the collateral order doctrine. 963 F.2d at 1344-45. Specifically, the court found that an order of remand enforcing a forum selection clause conclusively determined a disputed question, resolved an important issue completely separate from the merits of the action, and was otherwise unreviewable on appeal from a final judgment. 963 F.2d at 1344-45.

At least one circuit considers the collateral order doctrine applicable on orders remanding on the basis of abstention. Just a few weeks ago, the Ninth Circuit in *Garamendi v. Allstate Insurance Co.,* 47 F.3d 350 (9th Cir.1995),[6] held:

> In *Thermtron Products,* the Supreme Court stated that "because an order remanding a removed action does not represent a final judgment reviewable by appeal, the remedy in such a case is by mandamus to compel action, and not by writ of error to review what has been done." (citation omitted). The Supreme Court subsequently noted, however, that some orders declining to exercise jurisdiction may be appealable under a narrow exception to the final judgment rule. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 11-13, 103 S.Ct. 927, 934-35, 74 L.Ed.2d 765 (1983). Describing the exception to finality rule as established in *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Court held that an abstention order may be appealable as a final collateral order if it "conclusively determines the disputed question, resolves an important issue completely separate from the merits of the actions, and [is] effectively unreviewable on appeal from a final judgement." (citation omitted). The Court held that an order staying a federal

action pursuant to abstention under *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), qualifies as an appealable final collateral order. *Cone,* 460 U.S. at 11-13, 103 S.Ct. at 934-36....

> In the wake of *Moses H. Cone,* we held that a remand order, like a stay, may be appealable as a final collateral order under *Cohen. Pelleport Investors v. Budco Quality Theaters,* 741 F.2d 273, 278 (9th Cir.1984). Thus, despite the general rule in *Thermtron,* a remand order may be appealed as a final collateral order if it is " 'based on a substantive determination on the merits apart from any jurisdictional.' " *Lee v. City of Beaumont,* 12 F.3d 933 (9th Cir.1993) (quoting *Whitman v. Raley's Inc.,* 886 F.2d 1177, 1180 (9th Cir.1989)); *see also Executive Software v. United States Dist. Ct.,* 24 F.3d 1545 (9th Cir. 1994). Applying the *Cohen* test to the order in this case, we conclude that a remand order based on abstention is a final collateral order that is reviewable on appeal.

> The order in this case satisfies each of the three criteria of the final collateral order test. First, the order conclusively determines a disputed question: whether the facts of the case warrant abstention under *Burford v. Sun Oil,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). *See Moses H. Cone,* 460 U.S. at 12-13, 103 S.Ct. at 935-36 (Concluding that stay based on abstention conclusively determines the applicability of the relevant abstention doctrine).

> There can be no dispute that the decision also satisfies the second criterion of the final collateral order test. In *Moses H. Cone,* the Supreme Court held that an "order that amounts to a refusal to adjudicate the merits plainly presents an important issue separate from the merits." 460 U.S. at 12, 103 S.Ct. at 935. This holding was based on the understanding that the "completely separate from the merits" re-

---

**6.** The facts in *Garamendi* are not significantly distinguishable from the case at bar. The Insurance Commissioner, John Garamendi, as the court-appointed liquidator of an insurance company sued to recover money due under reinsur- ance agreements. The defendant reinsurer removed the state action to federal court on diversity grounds. The federal district court granted the Commissioner's motion to remand relying on the Burford abstention doctrine.

quirement is merely "a distillation of the principle that there should not be piecemeal review of 'steps towards final judgment in which they will merge.'" *Id.* at 12 n. 13, 103 S.Ct. at 935 n. 13. (quoting *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225). In this case, as in *Moses H. Cone,* "there is no step towards final judgment, but a refusal to proceed at all." *Id.* Moreover, in several cases we have concluded that determinations of whether a federal or state court should adjudicate the merits of a case constitute separate decisions apart from the merits for the purposes of the final collateral order test. *See Pelleport,* 741 F.2d at 278; *Clorox v. United States District Court,* 779 F.2d 517, 519–20 (9th Cir.1985).

Finally, remand based on abstention would be effectively unreviewable on appeal after a determination of the merits "because it puts the parties out of federal court." *Pelleport,* 741 F.2d at 278. Moreover, a federal court's decision to abstain would be "unreviewable if not appealed now" because the federal court would be bound to honor the state court's determination on the merits as res judicata. *See Moses H. Cone,* 460 U.S. at 12, 103 S.Ct. at 935.

47 F.3d at 353–54. Like the Tenth Circuit, the Ninth Circuit has held that the remand of pendent state law claims is not a final appealable order. *See Lee v. City of Beaumont,* 12 F.3d 933, 936 (9th Cir.1993). In *Garamendi,* the Ninth Circuit explained the apparent tension between its holding on remands for abstention and its holding on remands of pendent claims:

> We explained that in such cases the final collateral order doctrine does not apply because the decision to decline to hear pendent state law claims was wholly discretionary and, therefore, not a substantive decision. However, as noted above, the Supreme Court has held that the decision

to decline jurisdiction under one of the established doctrines of abstention is a substantive determination apart from the merits for purposes of applying the final collateral order doctrine. To the extent there is a tension between these two lines of decision, we must follow the clear holdings of the Supreme Court.

47 F.3d at 353–54 n. 7.

The Second Circuit recently appears to have reached a similar result. *Minot v. Eckardt–Minot,* 13 F.3d at 592–93.[7] The district court had remanded a diversity tort suit on abstention grounds. The Second Circuit heard a direct appeal from the remand order:

> Thus, the rule in this Circuit is now clearly established: direct appeal is available from a remand order that conclusively determines which forum will decide the merits of a dispute. Since the remand order in this case conclusively determined that a state court would decide the merits of the underlying dispute, direct appeal of the remand decision is appropriate.

13 F.3d at 593 (footnote omitted). The Second Circuit distinguished such a remand order that conclusively determines the forum in which the dispute will ultimately be litigated from a remand order that does not resolve the forum issue but sends it back along with the case to the state court. *Minot,* 13 F.3d at 593 n. 1.

Adhering to the general rule stated in *Thermtron* that remands are not final orders, other circuits have either rejected or ignored the collateral order doctrine for abstention-driven remands. *See, e.g., Doughty v. Underwriters at Lloyd's, London,* 6 F.3d at 862–64; *Garcia v. Island Program Designer, Inc.,* 4 F.3d at 59–60; *Melahn v. Pennock Ins., Inc.,* 965 F.2d at 1500–01; *State of Oklahoma v. The Guardian Life Insurance Co. of America,* unpub. op., 1993 WL 88282 at *1, 1993 U.S.App. LEXIS 6435 at *3–*4.

---

**7.** The husband/father filed a state court action alleging the wife/mother violated his rights under New York custody orders regarding their son. He brought the action personally and on behalf of his son alleging several state tort claims and a violation of civil rights. The wife/mother removed the action to federal court based on diversity jurisdiction. The district court granted the motion to remand and concluding "that abstention was appropriate because of the family-law nature of the dispute and because Eckardt–Minot's [wife/mother] 'motion to reopen the custody case and redefine the domestic relationship is still pending in state court....'" 13 F.3d at 592. The Second Circuit affirmed the district court on a direct appeal from that remand order.

Because the trustee Richmond has dismissed his appeal, the Tenth Circuit will not have the chance here to decide in a published opinion whether the collateral order doctrine applies to remands on abstention grounds.[8]

The above discussion of the collateral order doctrine may seem to be an academic one, since the defendant has dismissed his appeal. To the contrary, this discussion establishes that the circuit courts, including the Tenth Circuit, have turned to recognized exceptions to the final judgment rule in finding certain remand orders appealable. For that reason, these same decisions demonstrate that mandamus is not the only vehicle available for reviewing remand orders.

If the collateral order doctrine permits interlocutory appeals of certain remand orders, then it seems to follow that § 1292(b) is another equally acceptable mechanism for taking interlocutory appeals of remand orders so long as § 1447(d) does not bar the appeal.[9] Other than a literal reading of the general rule stated in *Thermtron* that remands are not final judgments, a rule that even our own circuit has held is not without exception, *Milk 'N' More*, 963 F.2d at 1344–45, there is nothing to foreclose an appeal pursuant to § 1292(b). The Third Circuit has even accepted jurisdiction of a § 1292(b) appeal to review a remand order based on a lack of federal jurisdiction, ostensibly a ground covered by § 1447(d). *In re TMI Litigation Cases Consol. II*, 940 F.2d 832, 847–48 (3rd Cir.1991), *cert. denied*, 503 U.S. 906, 112 S.Ct. 1262, 117 L.Ed.2d 491 (1992).[10] As one commentator recently observed after discussing a § 1292(b) interlocutory appeal exception to § 1447(d):

> Once literalism is discarded by *Thermtron*, however, there seems no good reason to confine review permitted by that case and *Carnegie–Mellon* to mandamus. Instead, other models of review are appropriate, especially if the Court adheres to the assumption that remand orders are not final under Section 1291 of the Judicial Code.
>
> . . . .
>
> Like my conclusion with respect to Section 1292(b), the collateral order exception should be available to the extent that remand orders are reviewable at all after *Thermtron* and *Carnegie–Mellon*.

Michael E. Solimine, *Removals, Remands, and Reforming Federal Appellate Review*, 58 Mo.L.Rev. 287 (1993) (footnote omitted). The court tends to agree with the analysis that once the Supreme Court confined the § 1447(d) bar to § 1447(c) remands then it became a matter of looking to all the different rules regarding final judgments, collateral orders, and interlocutory appeals to determine what avenue of review is available for any given case. Neither in *Thermtron* nor in *Carnegie–Mellon* did the Supreme Court discuss and rule out appeals from collateral orders or interlocutory appeals pursuant to § 1292(b).[11] Without something more than the absence of any discussion or consideration of these alternatives, those decisions not entitled to a sweeping negative inference. Consequently, the court will proceed with

---

**8.** The court believes there is a serious issue within this circuit whether a remand for abstention is a collateral order for the same reasons given in *Milk 'N' More, Pelleport,* and *Garamendi.* The difference between the circuits is explained in large part by how narrowly the collateral issue is defined. *See Doughty,* 6 F.3d at 863.

**9.** The fact that a remand on abstention grounds may be appealable under the collateral order doctrine does not preclude an appeal under § 1292(b). By its own terms, § 1292(b) applies only to orders "otherwise unappealable under this section [§ 1292]." Because collateral orders are appealable under § 1291, the limitation in § 1292(b) quoted above is without effect. *See Weir v. Propst,* 915 F.2d 283, 285 (7th Cir.1990).

**10.** The Third Circuit created this exception because the district court had predicated its holding of no jurisdiction upon a finding that the federal statute authorizing removal was unconstitutional. 940 F.2d at 846.

**11.** A fair reading of *Thermtron's* statements on finality is that they were bound up in the history of § 1447(d) and that the Court assumed a remand order is not final and mandamus is appropriate when cases are outside § 1447(d). 15A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3914.11 at 701–02 (1992). Whatever limitation on review that the Supreme Court in *Thermtron* imposed through the final judgment rule, the Court did not close the door on what have become recognized exceptions to rule of finality.

deciding whether the court's abstention ruling is appropriate for § 1292(b) certification.

### 28 U.S.C. § 1292(b)

Section 1292(b) provides in pertinent part: When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Before certifying an order for interlocutory appeal, "the court must find: (1) that the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists with respect to that question of law; and (3) an immediate appeal would materially advance the ultimate termination of the case." *Steinle v. Boeing*, 785 F.Supp. 1434, 1444 (D.Kan.1992), *aff'd*, 24 F.3d 1250 (10th Cir.1994).

█ Instead of specifying with precision any controlling questions of law, the defendant simply seeks certification of the court's holding. This alone is cause for denying the defendant's motion. *See Professional Service Industries, Inc. v. Kimbrell*, 841 F.Supp. 358, 362 (D.Kan.1993). As revealed in its motion to certify, the defendant's dispute is directed mostly at the court's assessment and balancing of the competing factors involved in *Burford* abstention. It does appear that the defendant's appeal is more an attempt to have this court's exercise of discretion reviewed rather than an attempt to have a controlling question of law resolved.

The court would agree that there is a substantial ground for difference of opinion over *NOPSI's* effect on traditional *Burford* analysis. Even so, the court believes its original order and the order on reconsideration were both consistent for most part with the legal analysis that the defendant advanced. What the defendant and the court disagree over is the relative difficulty, novelty, and significance of certain state insurance law issues and the likelihood of those issues becoming relevant in this proceeding. These disputed matters do not amount to issues of law.

This case has been languishing in federal court for over a year now. An immediate appeal only to decide which one of two qualified courts should decide the dispute would simply mean more delay. The propriety of the remand order will not affect the state court's final judgment. An immediate appeal would not save the parties or the judicial system from protracted or expensive litigation. *See Professional Service Industries, Inc.*, 841 F.Supp. at 363. In this court's judgment, this case does not present an exceptional circumstance to justify any additional delay.

The court believes it appropriate now to direct the clerk of the court to mail a certified copy of the court's May 3rd order to the Clerk of the Shawnee County District Court. The Tenth Circuit did not retain jurisdiction of this case. By this order, the district court has denied the defendant's motion to certify for interlocutory appeal. The defendant has not filed a petition for mandamus, but it has expressed some time ago its intent to do so. Consequently, the court orders the clerk of the court to mail a certified copy of this order and the order of May 3, 1994, (Dk. 40) no earlier than March 6, 1995, subject to further orders from the court.

IT IS THEREFORE ORDERED that the defendant's motion to certify order for immediate appeal (Dk. 50) is denied.

IT IS FURTHER ORDERED that the clerk of the court is directed to place in the mail a certified copy of this order and a certified copy of the court's order of May 3, 1994, (Dk. 40) to the Clerk of the Shawnee County District Court no earlier than March 6, 1995, subject to further orders from the court.