**MORTON COLLEGE BOARD OF TRUSTEES OF ILLINOIS COMMUNITY COLLEGE DISTRICT NO. 527, Plaintiff,**

v.

**The TOWN OF CICERO, Defendant.**

No. 97 C 8766.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 9, 1998.

Stanley T. Kusper, Jr., David A. DeYoung, Kusper & Raucci, Chartered, Chicago, IL, Michael John Maher, Gregory Linn Cochran, Elizabeth Schroer Harvey, McKenna, Storer, Rowe, White & Farrug, Chicago, IL, for Morton College Board of Trustees of Illinois Community College District 527, plaintiff.

Bradley Daniel Birge, Pulliam & Birge, Chicago, IL, Merrick Scott Rayle, Rayle and Partners, Chicago, IL, Maureen Martin, Martin Law Firm, Chicago, IL, for Town of Cicero, defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant the Town of Cicero's motion pursuant to 28 U.S.C. § 1292(b) for certification of the court's September 1, 1998 order. For the following reasons, the court denies defendant's motion.

### I. BACKGROUND

On December 17, 1997, plaintiff Morton College Board of Trustees of Illinois Community College District No. 527 ("the College") filed suit against defendant The Town of

Cicero ("the Town") in this court. On May 20, 1997, the College filed a second amended complaint. The College's second amended complaint contains nine counts, three of which are under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601–9675, and four of which are under the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901–6992.

After obtaining an extension of time in which to answer or otherwise plead, the Town filed a motion to dismiss the College's second amended complaint on June 26, 1998. In its motion, the Town argued that this court should abstain from exercising jurisdiction over this case pursuant to either the *Burford* abstention doctrine [1] or the *Colorado River* abstention doctrine.[2] In an order entered on September 1, 1998, this court denied the Town's motion to dismiss, finding that abstention was unwarranted under either abstention doctrine. The court ordered the Town to file an answer to the College's second amended complaint no later than September 14, 1998.

The Town did not file an answer by September 14, 1998. When the court noticed that the Town had not filed an answer, the court set a status date for October 1, 1998. On that date, the parties appeared and the Town informed the court that the Town was filing a motion pursuant to 28 U.S.C. § 1292(b) for certification of the court's September 1, 1998 order. In its motion for certification, the Town asks this court to amend the September 1, 1998 order to certify it for appeal under § 1292(b). The motion for certification was fully briefed on November 2, 1998.

## II. *DISCUSSION*

The issue before this court is whether the court should certify its September 1, 1998 order for immediate appeal. After careful consideration, the court finds that it should not for two reasons. First, the Town's motion for certification is untimely. Second, the Town has failed to show that the statutory criteria of § 1292(b) have been met.

### A. *The Town's motion for certification is untimely*

An appeal under § 1292(b) can only be taken if the district court certifies the order for appeal and the court of appeals, in its discretion, permits the appeal to be taken. 28 U.S.C. § 1292(b). An application to appeal a district court's order under § 1292(b) must be filed in the court of appeals "within ten days after the entry of the order." 28 U.S.C. § 1292(b).

If a district court's order is not certified under § 1292(b) at the time that the order is entered, there are two different ways that the order may be certified. *Weir v. Propst*, 915 F.2d 283, 285–87 (7th Cir. 1990). First, the district court may amend the order to add a § 1292(b) certification, which can be done at any time. *Buckley v. Fitzsimmons*, 919 F.2d 1230, 1239 (7th Cir. 1990). The power to amend "must not be used promiscuously." *Id.* (citing *Weir*, 915 F.2d at 287). An amendment that will have the effect of extending the ten-day limitation period of § 1292(b) is proper "only if there is a reason for the delay." *Buckley*, 919 F.2d at 1239; *Weir*, 915 F.2d at 287. Second, the district court may issue an order certifying the order to be appealed provided that the certifying order is issued "quick on the heels of the order to be appealed." *Weir*, 915 F.2d at 286.

In *Weir*, the district court denied a motion by several defendants to dismiss them from the case. *Weir*, 915 F.2d at 285. The defendants did not appeal this order under § 1291 as they could have done; rather, sixty-three days later the defendants asked the judge either to reconsider his order or to certify it for appeal under § 1292(b). *Id.* The judge certified the order, and the defendants applied to the Seventh Circuit for permission to appeal. *Id.* Neither the parties nor the judge, however, presented any reason for the

---

1. This abstention doctrine has its genesis in the case of *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

2. This abstention doctrine has its genesis in the case of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

delay of the certification. *Id.* at 287. Finding the delay gratuitous and protracted, the Seventh Circuit did not allow the appeal under § 1292(b). *Id.*

■ In this case, the Town filed its motion for certification thirty days after the court entered its September 1, 1998 order and fourteen days after the court ordered the Town to file its answer to the College's second amended complaint. The Town has given only one reason for its delay in filing the motion for certification, which is that the motion "would have been filed by the Answer date, September 14, 1998, but for the fact that The Town during the preceding period was preparing its Memorandum for Summary Judgment in *The Town of Cicero v. Morton College,* 97 CH 14057, in Cook County Circuit Court." (Def.'s Mot. for Certification ¶ 3.) That reason is insufficient to justify the delay. The court, not the Town, sets the schedule in this case. Further, the court cannot understand how the motion could not be filed given that the Town has three different law firms representing it in this case.

There is no sufficient reason for the Town's delay in filing this motion for certification. Thus, it would be an abuse of the court's power to amend the order at this late date. If the court were to amend its September 1, 1998 order or issue another order certifying the order for appeal under § 1292(b), the court would be taking an action that would undermine the ten-day limitation period of § 1292(b). Accordingly, the court denies the Town's motion for certification because the motion is untimely.

**B.** *The statutory criteria of § 1292(b) have not been met*

■ Even if the Town's motion were timely filed, the court would nonetheless deny the motion because the Town has failed to show that the statutory criteria of § 1292(b) have been met. Pursuant to § 1292(b), the district court may certify an interlocutory order for immediate appeal where the district court finds that (1) the order "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" as to that question of law; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).[3]

In its motion, the Town does not specify the question of law which it believes should be certified; rather, the Town simply asks the court to certify the entire order. In its brief supporting the motion, however, the Town makes it clear that it wants the court to certify the question of whether this court should have abstained from exercising jurisdiction over this case pursuant to the *Colorado River* abstention doctrine. The Town does not ask the court to certify the question of whether this court should have abstained under the *Burford* abstention doctrine. Accordingly, the court's opinion is limited to the issue of whether the court should certify the *Colorado River* abstention question.

Having considered the parties' arguments on this issue, the court finds that this question should not be certified under § 1292(b). The court does not believe that there is a "substantial ground for difference of opinion" on the issue of whether this court should have granted the Town's motion to stay pursuant to the *Colorado River* doctrine.[4]

■ "[F]ederal courts have a strict duty to exercise the jurisdiction conferred upon them by Congress." *International College of Surgeons v. City of Chicago,* 153 F.3d 356, 360 (7th Cir.1998) (citing *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996)). The Supreme Court has described this duty as " 'virtually unflag-

---

3. Section 1292(b) also requires that the order must be "not otherwise appealable under this section." 28 U.S.C. § 1292(b). The order at issue here satisfies this requirement because this order is not appealable under § 1291(a)(1). *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 279–88, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988).

4. It could be argued that a court's determination whether to grant a stay pursuant to the *Colorado River* doctrine is only a discretionary matter and not a "controlling question of law" as contemplated by § 1292(b). *See Armstrong v. Martin Marietta Corp.,* 138 F.3d 1374, 1386 (11th Cir. 1998). The court need not address that argument because the court finds that there is not "substantial ground for difference of opinion" as to the question at issue.

ging.'" *New Orleans Pub. Serv., Inc. v. Council of New Orleans,* 491 U.S. 350, 359, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) (quoting *Deakins v. Monaghan,* 484 U.S. 193, 203, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988)). Because this is so, abstention under the *Colorado River* doctrine requires the "clearest of justifications" and is only permitted in "exceptional circumstances." *Sverdrup Corp. v. Edwardsville Community Unit Sch. Dist. No. 7,* 125 F.3d 546, 549 (7th Cir.1997). The presumption is against abstention. *Id.* at 550.

The party requesting abstention bears the heavy burden of showing that abstention is warranted. *Seay v. Dodge,* No. 95 C 3643, 1995 WL 557361, at *6 (N.D.Ill. Sept.18, 1995); *Illinois Pub. Interest Research Group v. PMC, Inc.,* 835 F.Supp. 1070, 1076 (N.D.Ill.1993). The decision of whether to abstain is committed to the sound discretion of the district court. *International College of Surgeons,* 153 F.3d at 360. The Seventh Circuit reviews the district court's decision of whether to grant or deny a stay for abuse of discretion. *Schneider Nat'l Carriers, Inc. v. Carr,* 903 F.2d 1154, 1156 (7th Cir.1990).

In this case, there is not "substantial ground for difference of opinion" as to the court's determination that the Town has failed to show that this case is one of those "exceptional cases" which overcomes the presumption against abstention. In making its decision to deny the stay, the court carefully considered all of the *Colorado River* factors and the circumstances of this case. The Town simply has failed to show facts which would overcome the presumption against a stay at this stage of the litigation.

At bottom, the Town's motion for certification is premised on its belief that the court did not weigh the factors appropriately and that the Seventh Circuit would weigh the factors differently. What the Town ignores, however, is that the determination of whether to grant a stay lies within the sound discretion of the district court. Although the Seventh Circuit might decide the case differently if it were sitting in this court's place, the Seventh Circuit would not review the court's determination whether to grant the stay *de novo* . Rather, the Seventh Circuit would review the court's determination for abuse of discretion. This court believes that it cannot be credibly argued that this court abused its discretion in declining to abstain.

### III. *CONCLUSION*

For the foregoing reasons, the court denies the Town of Cicero's motion for certification of the court's September 1, 1998 order.