In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 16-8019

KENOSHA UNIFIED SCHOOL
DISTRICT NO. 1 BOARD OF
EDUCATION, *et al.*,

*Petitioners-Defendants*,

*v.*

ASHTON WHITAKER,

*Respondent-Plaintiff.*

_____

Appeal from the United States District Court for the
Eastern District of Wisconsin
No. 16-cv-00943-PP — **Pamela Pepper**, *Judge.*

_____

SUBMITTED OCTOBER 19, 2016 — DECIDED NOVEMBER 14, 2016

_____

Before RIPPLE, KANNE, and WILLIAMS, *Circuit Judges.*

PER CURIAM. Plaintiff Ash Whitaker is a transgender boy whose high school will not permit him to use the boys' bathroom. He sued the school district for discriminating against him on the basis of sex, in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and the Equal Protection Clause of the Fourteenth Amendment. After the

district court denied the defendants' motion to dismiss, the defendants filed this petition for interlocutory appeal. The defendants asserted that appellate jurisdiction is proper under 28 U.S.C. § 1292(b), but the district court has since vacated its certification. Thus we lack appellate jurisdiction.

The district court had issued an oral ruling denying the defendants' motion to dismiss. The next day, at the conclusion of a hearing on the plaintiff's motion for a preliminary injunction, the defendants stated their intention to appeal the ruling denying their motion to dismiss and presented the court with a proposed order that memorialized the denial and certified the order for immediate interlocutory appeal under 28 U.S.C. § 1292(b). The district court entered the proposed order, and the defendants filed this petition. The plaintiff then moved the district court to reconsider the interlocutory certification pursuant to Federal Rule of Civil Procedure 60(b).

Before this court had issued an order on the defendants' petition, the district court granted the plaintiff's motion for reconsideration and revoked its certification. The district court pointed out that the defendants had not made a legal or factual argument in support of certification, nor did the court ask either party to address certification. The court admitted that it erred in failing to solicit argument on this issue and erred in including the interlocutory certification language in the order. The district court then correctly enumerated the factors that it must consider to certify an order for appeal under 28 U.S.C. § 1292(b), including whether the order to be appealed involves a controlling question of law, whether an immediate appeal would materially advance the ultimate termination of the litigation, and whether there is a

substantial ground for difference of opinion on the question of law. *See Ahrenholz v. Bd. of Tr. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000); *In re Hamilton*, 122 F.3d 13, 14 (7th Cir. 1997). Appellate resolution of the contestable question whether "sex" in Title IX encompasses gender identity would control one of the plaintiff's claims, the court reasoned, but resolution would not speed up litigation because the plaintiff had pleaded sufficient facts to survive the motion to dismiss on two alternate grounds.

In light of the district court's revocation of its certification, we asked the parties to file statements of position. The parties agree—as do we—that our jurisdiction to hear an interlocutory appeal under 28 U.S.C. § 1292(b) derives from a district court's certification of an order. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 n.10 (1996); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46, 47 n.4 (1995); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475–76 (1978); 16 C. Wright, A. Miller, & E. Cooper, Fed. Practice & Proc., § 3929, at 438–39 (2016). We did not enter an order granting the petition, and thus we did not acquire jurisdiction to consider this issue in the case. The district court's decision to withdraw certification destroys our jurisdiction to consider the petition under § 1292(b). *See Weir v. Propst*, 915 F.2d 283, 286 (7th Cir. 1990); *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 471 n.2 (6th Cir. 2006); *City of L.A. v. Santa Monica Baykeeper*, 254 F.3d 882, 885–86 (9th Cir. 2001).

The defendants contend, however, that this court has authority to exercise pendent appellate jurisdiction over this appeal in conjunction with the appeal of the order partially granting the motion for a preliminary injunction, which is separately docketed and derives jurisdiction pursuant to 28

U.S.C. § 1292(a)(1). The doctrine of pendent appellate juris-
diction permits this court to review a non-final order when it
is "inextricably intertwined" with an appealable order.
*See Ne. Rural Elec. Membership Corp. v. Wabash Valley Power
Ass'n, Inc.*, 707 F.3d 883, 886 (7th Cir. 2013); *Montano v. City of
Chicago,* 375 F.3d 593, 595 (7th Cir. 2004). But this petition is
not properly taken from an appealable order, so there is no
proper jurisdictional basis from which we may extend pen-
dent jurisdiction. The appropriate place for the defendants to
request pendent appellate jurisdiction is in the appeal from
the preliminary injunction order.

Because we lack appellate jurisdiction, the petition for
permission to appeal under 28 U.S.C. § 1292(b) is DENIED.