**Patricia FERRARO, Plaintiff,**

v.

**SECRETARY OF the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

No. CV 90–1489.

United States District Court,
E.D. New York.

Aug. 14, 1991.

Binder & Binder, by Charles E. Binder, Hauppauge, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty. by Stephen J. Riegel, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

WEXLER, District Judge.

In the above-referenced action, plaintiff Patricia Ferraro ("plaintiff") originally sought a review of a final determination by the Secretary of Health and Human Services ("Secretary") which denied plaintiff's application for disability insurance benefits, pursuant to the Social Security Act, 42 U.S.C. § 405(g). Defendant Louis Sullivan, the Secretary, moves to remand this case for a new hearing. Plaintiff opposes the Secretary's motion to remand, and seeks an order affirming the granting of disability benefits sought by plaintiff's application. After a brief review of the background facts, the Court will turn to consider the parties' current applications.

BACKGROUND

Plaintiff initially filed for disability benefits with Health and Human Services in April of 1977. That application was denied. On July 11, 1977, the denial was affirmed on reconsideration. At that point, plaintiff did not appeal the denial any further.

On August 31, 1988, plaintiff refiled for disability benefits and alleged an onset date for her disability of June 6, 1975. That application was denied on February 28, 1989, and the denial was affirmed on reconsideration. Plaintiff filed a timely request for a hearing, which was granted and ultimately heard by Administrative Law Judge Joseph Halpern (the "ALJ"). In a decision dated September 26, 1989, the ALJ found, *inter alia:* (1) that plaintiff last met the insured status of the Social Security Act for disability purposes on December 31, 1980; (2) that plaintiff was disabled due to her orthopedic impairments and was entitled to a period of disability from June 5, 1975 to May 31, 1978; (3) that plaintiff became disabled again on October 19, 1982, and was entitled to a new period of disability commencing on that date; and (4) that finding the plaintiff disabled from June 6, 1975 to March 8, 1978 extended her last insured date to March 31, 1983, which was subsequent to the October 19, 1982 date from which she had proven disability. The ALJ's decision does not indicate whether or not he had knowledge of plaintiff's initial application for benefits in April 1977. This Court is unable to review the complete record of the administrative hearing because the Secretary cannot locate the audiotape of the hearing, and therefore no transcript exists.

On February 5, 1990, the Appeals Council reopened the ALJ's decision on its own initiative, pursuant to 20 C.F.R. § 404.988. In a letter dated February 20, 1990, plaintiff challenged the Appeals Council's authority to review a hearing decision *sua sponte* 131 days after the decision was rendered. On March 30, 1990, the Council found that plaintiff's rejected application of April 1977 was a final and binding determi-

nation which could not be reopened and that plaintiff's insured status was improperly extended beyond December 31, 1980. In sum, the Council found that plaintiff was not entitled to benefits for either period of disability.

## DISCUSSION

█ In the case at bar, plaintiff renews her contention that the Appeals Council did not have jurisdiction to reopen the ALJ's decision. The Appeals Council is permitted to review, *sua sponte*, a decision by an ALJ pursuant to 20 C.F.R. § 404.969. That regulation states:

> Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken. If the Appeals Council does review the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address.

20 C.F.R. § 404.969 (1990). In the case at bar, the Appeals Council reopened the ALJ's decision two months after the sixty-day limit had run. Plaintiff contends that the Appeals Council exceeded its authority, and requests a reinstatement of the ALJ's decision.

The Secretary, on the other hand, argues that the Appeals Council properly reopened the ALJ's decision pursuant to 20 C.F.R. § 404.988.[1] The denial of plaintiff's initial application for disability benefits on February 28, 1989, signified the "initial determination" of plaintiff's claim for the purposes of the regulation. The Appeals Council reopened the ALJ's decision less than one year later on February 5, 1990.

The courts of appeals which have directly addressed the issue at bar have rendered inconsistent decisions. The First and Eleventh Circuits have held that the Appeals

---

1. That regulation states, in relevant part:
   A determination, revised determination, decision, or revised decision may be reopened—
   (a) Within 12 months of the date of the notice of the initial determination, for any reason;
   (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case; or
   (c) At any time if—
   (1) It was obtained by fraud or similar fault;

(2) Another person files a claim on the same earnings record and allowance of the claim adversely affects your claim;
(3) A person previously determined to be dead, and on whose earnings record your entitlement is based, is later found to be alive;
(4) Your claim was denied because you did not prove that the insured person died, and the death is later established....
20 C.F.R. § 404.988 (1990).

**102**

Council may not reopen a social security disability claim on its own initiative more than sixty days after the ALJ's decision is issued. *See McCuin v. Secretary of Health and Human Servs.*, 817 F.2d 161, 174 (1st Cir.1987); *Butterworth v. Bowen*, 796 F.2d 1379, 1386 (11th Cir.1986). However, the majority of circuits have supported the Secretary's interpretation of the regulations by allowing the Appeals Council to reopen a case within twelve months, without cause, pursuant to 20 C.F.R. § 404.988. *See Zimmerman v. Heckler*, 774 F.2d 615, 617 (4th Cir.1985); *Cieutat v. Bowen*, 824 F.2d 348, 354-55 (5th Cir.1987); *Fox v. Bowen*, 835 F.2d 1159, 1163 (6th Cir.1987); *Munsinger v. Schweiker*, 709 F.2d 1212, 1216 (8th Cir.1983); *Overend v. Sullivan*, 879 F.2d 673, 675 (9th Cir.1989); *Descheenie on Behalf of Descheenie v. Bowen*, 850 F.2d 624, 627 (10th Cir.1988); *Sheppard v. Sullivan*, 906 F.2d 756, 758-59 (D.C.Cir.1990).

In *Gutierrez v. Bowen*, 898 F.2d 307 (2d Cir.1990), the plaintiff claimed that the Appeals Council's decision to reopen her favorable administrative decision *sua sponte* was improper. Although the Second Circuit noted that the First Circuit's rationale in *McCuin* was "persuasive", *id.* at 310, the Court did not take the opportunity to affirmatively decide the issue presented.

This Court finds that the sixty-day limit for *sua sponte* review of an ALJ's decision does not impact upon or restrict the Appeals Council's right to reopen a case pursuant to 20 C.F.R. § 404.988. Thus, this Court agrees with the majority of the jurisdictions cited above which permit the Appeals Council to reopen cases within twelve months of the date of the initial determination for any reason, or within four years if there is "good cause." *See* 20 C.F.R. § 404.988. In particular, this Court notes the decision in *Fowler v. Secretary of Health and Human Services*, No. 87-0056, 1988 WL 46109, 1988 U.S. Dist. LEXIS 16674 (E.D.N.Y. April 25, 1988), in which the court reasoned:

> Having considered the language of the regulations and in deference to the Secretary's interpretation of his agency's own enactments, I agree with the holding in *Cieutat* ... that there is no inconsist-

ency between the regulations relating to "review" and those relating to "reopenings" and further that the Secretary's interpretation of the regulations is consistent with the ... language and reasonable.

*Id.* 1988 WL 46109 at 5, 1988 U.S. Dist. LEXIS 16674 at 5 (citation omitted); *see also Campbell v. Bowen*, No. 87-2229, 1988 WL 68813, 1988 U.S. Dist. LEXIS 6430 (E.D.N.Y. June 2, 1988).

Upon motion of the Secretary, a district court may remand a case to the ALJ for further review "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The legislative history of section 405(g) indicates that the loss of a hearing transcript would constitute good cause to remand. In fact, it has been noted that:

> Where ... the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed ... good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the courts may review under 205(g) of the act.

H.R.Conf.Rep. No. 944, 96th Cong., 2d Sess. 59, *reprinted in* 1980 U.S.C.C.A.N. 1277, 1407.

Without a transcript of the hearing before the ALJ, this Court is unable to scrutinize the record in its entirety, and cannot address the issue of whether *res judicata* precludes plaintiff from receiving disability benefits. Accordingly, in light of the discussion above, the appropriate remedy is a remand of the case with instructions to conduct an administrative hearing *de novo*.

## CONCLUSION

For the reasons stated above, this case is hereby remanded to the Secretary for a rehearing before an ALJ.

SO ORDERED.