**Patricia FERRARO, Plaintiff,**

v.

**SECRETARY OF the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. CV 90–1489.**

United States District Court, E.D. New York.

Jan. 15, 1992.

Binder & Binder by Charles E. Binder, Hauppauge, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty. by Stephen J. Riegel, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced action, Patricia Ferraro ("plaintiff") seeks review of a final determination by the Appeals Council of the Secretary of Health and Human Services ("defendant" or "Secretary") which denied her application for disability insurance benefits pursuant to the Social Security Act, 42 U.S.C. § 405(g). In an Order dated August 14, 1991, this Court, pursuant to 20 C.F.R. § 404.988, followed the majority of circuit court decisions and upheld the authority of the Appeals Council to reopen cases within twelve months of the date of the initial determination for any reason, or within four years if there is "good cause" 770 F.Supp. 100. In addition, due to the Secretary's loss of the transcript of the Appeals Council hearing, the August 14, 1991 Order also remanded the case to the Secretary for a rehearing *de novo* before an Administrative Law Judge. Presently before this Court is plaintiff's motion pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5(a) to amend the August 14, 1991 Order to certify an interlocutory appeal regarding the interpretation of 20 C.F.R. § 404.988.

## DISCUSSION

■ The granting or denial of certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) lies largely in the discretion of the district judge. *D'Ippolito v. Cities Service Co.*, 374 F.2d 643, 649 (2d Cir.1967); *Arthur Young & Co. v. United States Dist. Court*, 549 F.2d 686, 698 (9th Cir.), *cert. denied*, 434 U.S. 829, 98 S.Ct. 109, 54 L.Ed.2d 88 (1977); 9 James W. Moore *et al.*, *Moore's Federal Practice* Par. 110.22[3] at 277–78 (2d ed. 1990); 16 Charles A. Wright *et al.*, *Federal Practice and Procedure* § 3929 at p. 140 and n. 23 (1977) (citing legislative history). There are three criteria to be satisfied under § 1292(b): does the question (1) "involve[ ] a controlling issue of law"; (2) "as to which

there is a substantial ground for difference of opinion"; and (3) "that an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

■ In this case, there are two factors which militate against the granting of certification for interlocutory appeal. First, plaintiff waited nearly two and a half months before moving this court to amend its August 14, 1991 Order. Although Rule 5(a) does not specify any time limits for seeking amendment and certification, the Seventh Circuit recently declined to accept appeal of a certified order because the appellant, without a proper reason for delay, waited five months after the district court issued its order before requesting the judge to certify that order for an interlocutory appeal. *Weir v. Propst*, 915 F.2d 283, 287 (7th Cir.1990). The court noted that "[t]he ten-day limitation in section 1292(b) is not to be nullified by promiscuous grants of motions to amend." *Id.; see also Buckley v. Fitzsimmons*, 919 F.2d 1230, 1239 (7th Cir.1990), *cert. granted and judgment vacated on other grounds*, — U.S. —, 112 S.Ct. 40, 116 L.Ed.2d 19 (1991). In the instant case as well, there was no justification for plaintiff's delay in requesting certification. Moreover, plaintiff's two and a half month delay is an indication that the saving of time is of little concern in this case.

The second factor militating against the granting of certification for interlocutory appeal is that the Secretary is presently promulgating a proposed revision of the disputed regulation which would fully support this Court's interpretation of that regulation. *See* 56 Fed.Reg. No. 208 at 55477 (October 28, 1991). Indeed, plaintiff admits that if this proposed regulation were enacted, she would have no grounds for an interlocutory appeal. Apparently, then, she seeks this Court's aid in an unseemly attempt to appeal an issue to the Second Circuit which may be soon be mooted by the adoption of the proposed revised regulation. This Court will not assist in such a waste of judicial resources.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for certification of an interlocutory appeal is denied.

SO ORDERED.