**RICHARDSON ELECTRONICS, LTD., et al., Petitioners,**

v.

**PANACHE BROADCASTING OF PENNSYLVANIA, INC.,** Defendant–Appellee.

Nos. 99–8043, 99–8044.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 24, 1999

Decided Jan. 31, 2000

Richard J. Rappaport (submitted), Ross & Hardies, Chicago, IL, for petitioner Richardson Electronics.

Jeffery S. Facter (submitted), Shearman & Sterling, San Francisco, CA, for petitioner Varian Associates.

Marvin A. Miller (submitted) and Patrick E. Cafferty, Miller, Faucher, Cafferty & Wexler, Chicago, IL, for Respondent.

Before POSNER, Chief Judge, and MANION and DIANE P. WOOD, Circuit Judges.

POSNER, Chief Judge.

■■■ We have before us a request for permission to file an interlocutory appeal under 28 U.S.C. § 1292(b). The request requires us to consider the relation between that section and Rule 23(f) of the Federal Rules of Civil Procedure, which permits interlocutory appeals from orders granting or denying class certification. *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832 (7th Cir.1999). Rule 23(f) be-

came effective on December 1, 1998, long after this suit was filed but before the order sought to be appealed was issued. Generally a new procedural rule applies to the uncompleted portions of suits pending when the rule became effective, and we have no reason to depart from the general principle in regard to Rule 23(f).

The plaintiffs—radio stations and other users of electron power tubes (EPTs)—brought this class action suit in 1990 against manufacturers of the product, alleging that the defendants were fixing prices and otherwise violating the federal antitrust laws to the harm of the plaintiffs, who seek damages. On May 13, over the defendants' objections, the district judge certified a class of EPT purchasers allegedly harmed by the defendants' actions. Two months later the defendants asked the judge to certify his order of certification for immediate appeal under section 1292(b). He granted the motion in October and within the limit of 10 days permitted by the statute the defendants requested our permission to take the appeal.

There is no time limit in the statute or in any applicable rules for seeking the district judge's permission to appeal under 1292(b), in contrast to the 10–day limit not here exceeded on seeking our permission if the district judge grants his, concurrent permissions being required. But a district judge should not grant an inexcusably dilatory request, *Weir v. Propst*, 915 F.2d 283, 287 (7th Cir.1990); *Ferraro v. Secretary of HHS*, 780 F.Supp. 978 (E.D.N.Y.1992); cf. *Marisol v. Giuliani*, 104 F.3d 524, 529 (2d Cir.1996), as this appears to be; if he does, we'll refuse our permission to appeal. In any event, no excuse for the defendants' taking two months to appeal has been offered except the patently inadequate one that the case had been "largely dormant" for nine years, requiring the defendants' lawyer to refamiliarize himself with it in the face of a "pre-existing, conflicting commitment to meet a deadline in another case." In these circumstances, the delay alone was sufficient grounds for us to refuse our permission to appeal.

A harder question is whether the appeal satisfies the criteria for a section 1292(b) appeal, which is whether the order sought to be appealed presents a *controlling question of law* as to which there is a *substantial ground for disagreement* and the resolution of which may *materially advance the completion of the litigation*. We shall not have to answer that question, because it merges into the important question presented by the request for our permission to appeal, which is the relation between section 1292(b), which as we said has no fixed deadline for seeking the permission of the district court to take an appeal, and Rule 23(f), which imposes a deadline of 10 days from the date of the order sought to be appealed, a deadline which (if applicable) the defendants exceeded by more than six weeks.

The question in this case that the defendants argue, and the district judge agreed, satisfies the criteria for a section 1292(b) appeal is whether the legal and factual questions common to the certified class of EPT users predominate over the individual questions, so as to justify class treatment under Fed. R. Civ. P. 23(b)(3), given that (according to the defendants) the suit embraces hundreds of different kinds of EPT. This question seems rather too fact-specific to be suitable for a 1292(b) appeal, but the more significant point is that it fits much more neatly into Rule 23(f). The rule itself does not set forth criteria for the exercise of our discretion to entertain appeals from class-certification cases. We endeavored to formulate such criteria in *Blair v. Equifax Check Services, Inc.*, supra, 181 F.3d at 834–35; see also *Jefferson v. Ingersoll Int'l, Inc.*, 195 F.3d 894, 897 (7th Cir.1999); Committee Note to Fed. R.Civ. P. 23(f). They are whether an immediate appeal is necessary to enable meaningful appellate review of a decision granting or denying class certification or would advance the development of the law governing class actions. The question whether the heterogeneity of the products sold by defendants in a price-fixing suit should block class treatment because the

members of the class buy a different mix of the products is an unresolved question of class-action law and so might justify a Rule 23(f) appeal under *Blair*. Whether it does or not, it seems to us that when a class-certification order is an arguable candidate for a Rule 23(f) appeal, the appellants may not use section 1292(b) to circumvent the 10–day limitation in Rule 23(f).

■ We do not cast this conclusion as a rule of statutory interpretation; it is unnecessary, or at least premature, to engage in that or any interpretive exercise in order to solve the problem of circumvention. We need only make clear to bench and bar—and we take this opportunity to do so—that district judges should not, and we shall not, authorize appeal under 28 U.S.C. § 1292(b) when appeal might lie under Rule 23(f). Should a case arise in which a class-certification order is appealable under 1292(b) but not under 23(f), perhaps because it presents an issue that while it satisfies the criteria of the statute does not involve the merits of class certification, the appellant can protect himself by seeking the district judge's permission to take a 1292(b) appeal at the same time that the appellant asks us to entertain his appeal under 23(f).

■ We need not, at least at this juncture, consider whether Rule 23(f) may actually supersede section 1292(b) in the area of their overlap. Although judicially promulgated rules are ordinarily trumped by statutes rather than vice versa, section 2072(b) of the Judicial Code makes an exception for the case of procedural and evidentiary rules promulgated by the Supreme Court, a category that of course includes Fed. R. Civ. P. 23(f). We need not decide the extent to which Rule 23(f) curtails the operation of section 1292(b) as a matter of law, however, since as a matter of practice we can avoid conflict between rule and statute in the manner set forth above.

For the reasons explained, we decline to permit the section 1292(b) appeal that the defendants seek to take in this case.