**VEREDA, LTDA., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 96–256C.**

United States Court of Federal Claims.

May 4, 2000.

Mark L. Whittaker, Shaw, Pittman, Potts & Trowbridge, Washington, D.C., for plaintiff.

Armando O. Bonilla, Trial Attorney, with whom were David M. Cohen, Director, Commercial Litigation Branch, Civil Division, and David W. Ogden, Acting Assistant Attorney General, U.S. Department of Justice, Washington, D.C., William J. Snider, Forfeiture Counsel, and Susan C. Holiman, Senior Attorney, Asset Forfeiture Section, Office of Chief Counsel, Drug Enforcement Administration, U.S. Department of Justice, Arlington, Virginia, were of counsel.

### ORDER CERTIFYING INTERLOCUTORY APPEAL AND STAYING PROCEEDINGS

SMITH, Chief Judge.

In *Vereda, Ltda. v. United States*, 41 Fed. Cl. 495 (1998) (Opinion), *vacated in part on reconsideration*, 46 Fed.Cl. 12 (1999) (Revised Order), the Court held that it had jurisdiction over plaintiff's claim of a Fifth Amendment taking of its mortgage interest through administrative forfeiture by the Drug Enforcement Administration. However, the Court specifically noted that "an interlocutory appeal pursuant to 28 U.S.C. § 1292(d)(2) may be appropriate" on this issue. 46 Fed.Cl. at 19. Subsequently, defendant sought the authorization of the Solicitor General to seek the appeal. On November 16, 1999, defendant filed a Motion for Certification for Interlocutory Appeal and to Stay Proceedings. Plaintiff's counsel informed the Court that the Motion is unopposed. For reasons stated below, the Opinion and the Revised Order are amended to include findings required by section 1292(d)(2) and to stay proceedings in this forum as permitted by 28 U.S.C. § 1292(d)(3).

## I. QUESTION OF LAW

Whether a mortgagee may assert a viable Fifth Amendment taking claim in the United States Court of Federal Claims following the government's *in rem* administrative forfeiture of the property securing the mortgage after proceedings in the United States District Court.

## II. STANDARD FOR CERTIFICATION AND FINDINGS

■ Should the Court choose to certify an appeal, it must issue an interlocutory order with a statement "that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(2). In applying this three-prong test, the Court may also assess the burdens and benefits of certification by considering factors such as the probability of reversal, the hardship on the parties, and judicial proceedings avoided by the reversal of an interlocutory ruling. *See* 16 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE, § 3930, at 415 (2d ed.1996). Here, it is the Revised Order which deals most directly with the question of law presented for appeal. However, to the extent relevant to the question presented, the original Opinion is certified as well. Considerations warranting certification are fully present in this case.

■ First, the question of law presented here is controlling. The Fifth Amendment taking claim is the only remaining count in plaintiff's case. If the Federal Circuit finds that this Court does not have jurisdiction to hear it, the entire lawsuit will be dismissed. On the other hand, were this case to go to trial, this Court may still have to suspend or terminate proceedings if the Federal Circuit were to hand down potentially adverse rulings in other cases. *See Vereda*, 46 Fed.Cl. at 14 (court is "duty bound" to consider jurisdictional questions at any time). This very real potentiality for reconsideration of jurisdiction could cause waste and hardship to the parties.

Second, as the Court already found in its Revised Order, there is a "substantial ground for difference of opinion on the implications" of *Crocker v. United States*, 125 F.3d 1475 (Fed.Cir.1997) (*Crocker II*) and *Shelden v. United States*, 7 F.3d 1022 (Fed.Cir.1993). 46 Fed.Cl. at 19. Since the potentially conflicting authorities are binding appellate precedent and "[t]he legal issues surrounding

this taking claim border on the metaphysical," *id.*, there is a significant uncertainty in the law.

Finally, early resolution of the question will materially advance the ultimate conclusion of the case. An affirmance of this Court's Opinion and Revised Order by the Federal Circuit will permit all those involved to proceed to trial undeterred by this uncertainty. A reversal would terminate the sole claim remaining and avoid a costly trial.

### III. CONCLUSION

The Court hereby GRANTS defendant's Motion for Certification for Interlocutory Appeal and to Stay Proceedings. In accordance with 28 U.S.C. § 1292(d)(2), the government may seek to appeal this Court's Opinion, as amended by the Revised Order and this Order. Further proceedings in this case are stayed pending appeal. *See* 28 U.S.C. § 1292(d)(3) (conferring discretion to impose stays). The parties shall submit a Joint Status Report within fifteen (15) days of any dispositive decision by the United States Court of Appeals for the Federal Circuit regarding this appeal.

It is so ORDERED.