**MARRIOTT INTERNATIONAL RESORTS, L.P., et al., Plaintiffs,**

v.

**UNITED STATES, Defendant.**

Nos. 01–256–T, 01–257–T.

United States Court of Federal Claims.

Nov. 30, 2004.

Harold J. Heltzer, Crowell & Moring LLP, Washington, D.C., for plaintiff. With him on the brief were Robert L. Willmore and Alex E. Sadler.

G. Robson Stewart, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Assistant Attorney General Eileen J. O'Connor, Mildred L. Seidman, Chief, Court of Federal Claims Section, and David Gustafson, Assistant Chief, Court of Federal Claims Section, Washington, D.C.

*ORDER AMENDING OPINION TO CERTIFY FOR INTERLOCUTORY APPEAL*

LETTOW, Judge.

On November 2, 2004, the government filed a Motion To Certify An Interlocutory Appeal Under 28 U.S.C. § 1292(d)(2) of the court's opinion and order of July 29, 2004, reported at 61 Fed.Cl. 411, granting in part and denying in part a motion to compel filed by plaintiffs ("Marriott"). In essence, the decision held that an attempt by the government to assert the deliberative-process prong of executive privilege by way of a submission by an Assistant Chief Counsel of the Internal Revenue Service ("IRS") was invalid because binding circuit precedent requires that the

deliberative-process privilege be invoked by the head of an agency and not by a lesser employee. The Assistant Chief Counsel had sought to assert the privilege respecting 339 separate documents totaling approximately 4,000 pages of material. The decision accorded the Commissioner of the IRS time to August 26, 2004, either to produce the documents, or some of them, or personally to invoke the privilege.

On August 12, 2004, the government moved to reconsider or stay the decision rendered in July. After holding a telephonic hearing on the motion to stay on August 19, 2004, the court entered an order on August 20, 2004 ("August Order"), denying the motion for reconsideration but granting a stay. The stay was to remain in effect "for a period of 74 days from the date of th[e August Order], i.e., to November 2, 2004, such that the government [might] make an orderly and considered decision whether to file an interlocutory appeal or seek a writ of mandamus regarding this court's opinion and order." August Order at 2.

Rather than filing a petition for a writ of mandamus as it had suggested during the hearing held on August 19, 2004, see Hr'g Tr. at 6–9, the government filed the instant motion to certify an interlocutory appeal.

The government's motion presents a very close question as to whether the criteria for certification under 28 U.S.C. § 1292(d)(2) have been met. However, as explained below, the court has accorded some weight to the government's strong desire to present its arguments to the court of appeals at this juncture and consequently has decided that the motion should be granted.

Paragraph 1292(d)(2) of Title 28 provides in pertinent part that

when any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

This statutory provision establishes a three-part test for certification that "is 'virtually identical' to the statutory standard of certification utilized by the United States district courts [under 28 U.S.C. § 1292(b)]." American Mgmt. Sys., Inc. v. United States, 57 Fed.Cl. 275, 276 (2003). Conceptually, these statutory provisions "reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." Caterpillar Inc. v. Lewis, 519 U.S. 61, 74, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), in turn quoting Fisons, Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir.1972)).

The first criterion requires that a controlling question of law be at issue. Questions are "controlling" when they "materially affect issues remaining to be decided in the trial court." Pikes Peak Family Housing, LLC v. United States, 40 Fed.Cl. 673, 686 (1998). This criterion is problematic in the case at hand because the issue respecting which the government seeks certification is the purely procedural question of whether the deliberative-process prong of executive privilege must be invoked by the head of the relevant agency or department or may be delegated to a subordinate. That procedural question has plagued this case for over two years, since July 2002, when the government first mentioned "executive privilege" in responding to document production requests and putting forward a forty-one page privilege log. See Marriott, 61 Fed.Cl. at 414. Nonetheless, the question does not directly address the merits of these tax cases.

Despite the lack of a direct link to the merits, the procedural question at hand arguably does "materially affect" the outcome because some or all of the 339 documents at issue bear on the question whether the Internal Revenue Service ("IRS") had a long-standing interpretation of the tax statute at issue, 26 U.S.C. § 752, and whether it suddenly abandoned that position in 1995 via a

revenue ruling. *See Marriott,* 61 Fed.Cl. at 416 n. 9 (citing *United States v. Cleveland Indians Baseball Co.,* 532 U.S. 200, 220, 121 S.Ct. 1433, 149 L.Ed.2d 401 (2001) ("substantial judicial deference" accorded to the IRS's reasonable "long-standing interpretations of its own regulations"); *American Express Co. v. United States,* 262 F.3d 1376, 1382 (Fed. Cir.2001) (applying deference); *Florida Power & Light Co. v. United States,* 375 F.3d 1119 (Fed.Cir.2004) (deference not due)). The transactions that engendered this case took place in 1994, and the tax returns at issue relate to that year. If deference is not applicable, either to a pre–1995 interpretation or to the interpretation reflected in the 1995 revenue ruling, the court would be obliged to render its best interpretative judgment in light of the statutory language and context. The documents being withheld presumably supply the grounds for deciding whether any deference is due.

This indirect link to the merits may materially affect the issues to be decided, and thus the procedural question of whether the deliberative-process aspect of executive privilege must be invoked by the head of the pertinent agency may be "controlling." However, by stating the foregoing proposition, one also states its rejoinder, because the Commissioner of the IRS could resolve the procedural question merely by acting to assert the privilege or to forego any such assertion. In the circumstances, the court is left with the strong impression that the government is endeavoring to present a test case to the court of appeals.

The second criterion concerns whether "there is a substantial ground for difference of opinion" on the disputed question. This criterion is less problematic. As explained in *Marriott,* 61 Fed.Cl. at 417–19, this court deems *Cetron Electronic Corp. v. United States,* 207 Ct.Cl. 985, 1975 WL 6632 (1975), to be binding precedent on the question. However, because some courts of appeals "have elided the requirement for action by the head of the agency," *Marriott,* 61 Fed.Cl. at 417–18 n. 11, the circuits are split on the issue. The Court of Appeals for the Federal Circuit might decide to consider the procedural question *en banc* for the purpose of

deciding whether *Cetron* should continue to be followed.

The third criterion is whether certification of the question "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(2). The parties have spent over two years debating the procedural question, in the context first of the government's submission of its privilege log and its amendments to that log and declarations in support of the deliberative-process privilege, and then in Marriott's consequent filing of its motion to compel and the parties' briefing of the motion for the court's consideration. An interlocutory appeal of the procedural question would mean that a significant additional period would pass before the merits could be addressed. Plaintiffs' objections to the further delay that would result from an interlocutory appeal have some force because the transactions at issue are already ten years old. Nonetheless, definitive resolution of the procedural issue would manifestly benefit these consolidated cases.

Finally, the government persists in endeavoring to raise questions about the relevance of the 339 documents that it has withheld on grounds of privilege. Because the government put forward only a blanket objection to the relevancy of any and all of the 339 documents, the court has had no opportunity to determine the relevance of any individual document to the merits of this case. *See* August Order at 2. Based solely upon an examination of the Assistant Chief Counsel's declaration in support of the assertion of privilege, the court suggested that some of the withheld documents might be barred from disclosure on alternative bases. *Marriott,* 61 Fed.Cl. at 420 n. 13. Nonetheless, undoubtedly some of the withheld documents are relevant to the merits. In the circumstances, any questions of relevance are not encompassed within the certification for interlocutory appeal.

## CONCLUSION

For the foregoing reasons, the court grants the government's motion to amend this court's opinion and order of July 29, 2004, to certify for interlocutory appeal the question of whether the deliberative-process

prong of executive privilege must be invoked by the head of the relevant agency and may not be delegated to a subordinate. In accord with the court's order of August 20, 2004, further proceedings in this action are stayed pending completion of an appeal or a petition for writ of mandamus.

It is so ORDERED.