**David A. SCHOLL, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

No. 00–737C.

United States Court of Federal Claims.

March 30, 2005.

Cletus P. Lyman, Lyman & Ash, Philadelphia, Pennsylvania, attorney of record. With him on the briefs was Michael S. Fettner.

Todd M. Hughes, Assistant Director, Commercial Litigation Branch, Department of Justice, Washington D.C., attorney of record. With him on the briefs were David M. Cohen, Director, and Robert D. McCallum, Jr., Assistant Attorney General.

Tahmineh I. Maloney, law clerk.

**ORDER/OPINION**

BASKIR, Judge.

On December 4, 2002, this Court denied the Defendant's motion to dismiss for failure to state a claim upon which relief may be granted. *See Scholl v. United States*, 54 Fed.Cl. 640 (2002) (*Scholl I*). We held that "Judge Scholl had a firm right—absent other factors which we will explore in further proceedings—to be reappointed as a U.S. Bankruptcy Judge for the Eastern District of Pennsylvania." *Id.* at 640–41. Defendant's counsel filed a motion for reconsideration three months later, on February 28, 2003. We denied the motion on March 24, 2003.

On May 27, 2003, Defendant's counsel filed a "renewed" motion to dismiss for lack of subject matter jurisdiction. In our opinion of June 23, 2004, we denied the Government's renewed motion. *See Scholl v. United States*, 61 Fed.Cl. 322 (2004) (*Scholl II*). In so doing, we found that Defendant's counsel had not established that the enactment of the Civil Service Reform Act of 1978 (CSRA), Pub.L. 95–454, 92 Stat. 1111, foreclosed judicial review of Judge Scholl's claims. *Id.* at 322. We based our holding upon an examination of both the CSRA and the Bankruptcy Reform Act of 1978.

On October 20, 2004, almost two years after *Scholl I* and four months after the ruling in *Scholl II*, Defendant's counsel filed a Motion to Certify Interlocutory Appeal and to Stay Further Proceedings. The Plaintiff has opposed the motion. In his motion, Defendant's counsel asks that the Court amend both *Scholl I* and *Scholl II* to include the express findings required by 28 U.S.C. § 1292(d)(2) and to certify the orders for interlocutory appeal. He also requests that the Court stay all further proceedings pending final resolution of the interlocutory appeal. We denied the stay request in our order dated January 10, 2005.

**Because we find that the Defendant's request is untimely with respect to both *Scholl I* and *Scholl II* and because the Defendant fails to satisfy other requirements for an interlocutory appeal, we hereby deny the Defendant's Motion to Certify Interlocutory Appeal.**

*Discussion*

**I.  *Timeliness***

At the time we entered our opinions in *Scholl I* and *Scholl II*, neither was certified for interlocutory appeal under 28 U.S.C. § 1292(d)(2), nor did counsel request such certification in his dispositive briefing or afterwards. Counsel now asks that we amend our opinions of December 17, 2002, *Scholl I*, and June 23, 2004, *Scholl II*, adding a section 1292(d) certification. 28 U.S.C. § 1292(d)(2), states, in relevant part:

> when any judge of the [United States Court of Federal Claims], in issuing an interlocutory order, *includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation,* the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

28 U.S.C. § 1292(d)(2) (emphasis added). The language of 28 U.S.C. § 1292(d)(2) is virtually identical to 28 U.S.C. § 1292(b), which governs interlocutory appeals in the United States District Courts. *See United States v. Connolly*, 716 F.2d 882, 885 (Fed. Cir.1983). We may therefore look to the legislative history and case law of Section 1292(b).

The Plaintiff challenges the motion as untimely with respect to both of the Court's opinions. The statute governing interlocutory appeals does not set an explicit time limit within which a party must file a motion to certify. *See* 28 U.S.C. § 1292(d)(2). However, it does refer to an "immediate appeal" and it mandates that an application to appeal—following a trial court's order that includes the trial judge's certification—must be filed in the circuit court within ten days after the entry of the order.

The statutory expectation that the appeal process will be implemented with dispatch should not be circumvented without

reason. Accordingly, granting a motion to amend beyond the ten-day limitation period is only proper where there is a reason for the delay. *See, e.g., Weir v. Propst,* 915 F.2d 283, 287 (7th Cir.1990); *Ferraro v. Sec. of HHS,* 780 F.Supp. 978, 979 (E.D.N.Y.1992). Unreasonable delay constitutes sufficient cause to deny a motion and a judge "should not grant an inexcusably dilatory request." *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.,* 202 F.3d 957, 958 (7th Cir.2000).

█ Defendant's counsel defends his motion as timely, citing the lengthy internal review process within the Department of Justice before the Acting Solicitor General authorized the motion. Def.'s Reply at 4. Apparently, scheduled vacations or "annual leave schedules" also interfered with counsel's ability to bring a prompt motion before the Court. *Id.* at fn. 1. Defendant's counsel does not state at what point he determined to seek an appeal and he provides no time-line of events.

The Court is thus unable to determine to what extent the delay was actually due to the approval process, how much was attributable to time off for vacation, and how much can be attributed to counsel's inaction. Defendant's counsel cites no cases to support the proposition that the United States should be treated differently from private parties in determinations of timeliness. At no point did counsel advise the Court that he had initiated the review process, much less did counsel seek leave of this Court to stay proceedings pending the completion of the Department of Justice's internal processes. Accordingly, we do not accept counsel's attempts to excuse his procrastination.

The Plaintiff cites numerous cases in which other courts have denied motions to certify where the motions were made from one month to five months after entry of the order sought to be appealed. *See, e.g., Morton College Bd. of Trustees v. Town of Cicero,* 25 F.Supp.2d 882, 885 (N.D.Ill.1998) (one month); *Fabricant v. Sears Roebuck & Co.,* 2001 U.S. Dist. Lexis 24518 (S.D.Fla.) (forty-six days); *Weir,* 915 F.2d at 283 (sixty-three days); *Ferraro,* 780 F.Supp. at 979 (two and a half months); *In re Buspirone Patent Litigation,* 210 F.R.D. 43, 50 (S.D.N.Y.2002)

(three months). In response, Defendant's counsel cites to three cases in this court where motions to certify were allowed several months after the issuance of a decision. *See Marriott Int'l Resorts v. United States,* 63 Fed.Cl. 144 (2004) (three months); *American Mgmt. Sys. v. United States,* 57 Fed.Cl. 275, 275–76 (2003) (two months); *Vereda, LTDA v. United States,* 46 Fed.Cl. 569, 569–70 (2000) (three months). Counsel's four month delay exceeds the time period in his cited cases.

In *Marriott International,* the defendant filed a motion to reconsider or stay the decision. The court denied the motion to reconsider but granted the motion to stay " 'such that the government [might] make an orderly and considered decision whether or file an interlocutory appeal or seek a writ of mandamus regarding this court's opinion and order.' " 63 Fed.Cl. at 145, quoting August Order at 2. *American Management* and *Vereda, LTDA* did not address the timeliness question. Based on the precedent provided by the Defendant, four months is too long absent a prior request for stay. With respect to *Scholl II,* the motion is untimely.

█ The question is not even close with respect to *Scholl I.* The Defendant's argument for timeliness lies buried in a footnote:

> It would have been premature for the Government to seek interlocutory review of the 2002 order when the case still could have been terminated by this Court based upon our renewed motion to dismiss. . . . It would be vastly inefficient for the Court to certify only its later ruling, and not its former, when a reversal of either would terminate the litigation.

Def.'s Reply at n. 2.

Defendant's counsel is unable to cite a single case where a motion for interlocutory appeal was allowed after such a long delay or upon such flimsy grounds. Counsel's delay in seeking an interlocutory appeal from our opinions suggests that prompt resolution of this litigation is not on his agenda. Defendant's counsel chose to file his two motions seriatim, the second six months after the first was decided. It was thus even more incumbent upon him to seek the Court's

leave for any delay of his motion to certify an interlocutory appeal. We deny the Defendant's motion to certify *Scholl I* as untimely.

## II. Standards for Certification

Whether to grant or deny a motion for certification of an interlocutory appeal lies largely in the discretion of the trial judge. *See D'Ippolito v. Cities Service Co.*, 374 F.2d 643, 649 (2d Cir.1967); *Arthur Young & Co. v. United States Dist. Court*, 549 F.2d 686, 698 (9th Cir.1977). Section 1292(d)(2), quoted earlier, sets forth three substantive standards before the court certifies an interlocutory appeal. An issue of controlling law exists about which there is "substantial" difference of opinion, and the appeal will "materially advance the ultimate termination of the litigation." The Report of the Committee on Appeals from Interlocutory Orders of the District Courts elaborates on these factors:

> Your Committee is of the view that the appeal from interlocutory orders thus provided should and will be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases, where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided, .... It is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question as to the correctness of the ruling would prompt the granting of the certificate.

*Northrop Corp., Northrop Elec. Sys. Div. v. United States*, 27 Fed.Cl. 795, 798 (1993), citing Report of the Committee on Appeals from Interlocutory Orders of the District Courts, Sept. 23, 1953, reprinted in 1958 U.S.C.C.A.N., 85th Cong.2d Sess., at 5260–61.

Interlocutory review should be reserved for "exceptional" cases: "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), in turn quoting *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir.1972)). The legislative history, as well as the historic policy against such appeals, indicates that great restraint should be used in granting such appeals. *See, e.g., Aleman Food Services, Inc. v. United States*, 24 Cl.Ct. 345, 357 (1991).

### "Controlling Question of Law"

The first criterion of Section 1292(d)(2) requires a "controlling question of law." The Defendant maintains that the jurisdictional issues addressed by *Scholl II* are "controlling issues of law" because reversal of that opinion would terminate the proceedings. Def.'s Motion at 4. Counsel's argument cuts too deeply. Successful appeals of denials of the Government's motions to dismiss under 12(b)(1) or (6) *always* result in termination of all or at least that part of Plaintiff's case. Something more is needed to justify an interlocutory appeal of unsuccessful motions to dismiss.

What might set these dispositive motions apart is the controversial nature of the discovery their denials might suggest. Counsel made much of that in his papers. But these fears are imaginary. As we set out in our order of January 10, 2005, Plaintiff's counsel had not previously sought such discovery, and later he completely disavowed any intention of doing so. Perhaps the appropriate juncture to seek an interlocutory appeal would be after a court order requiring such disclosures.

The more accurate test of whether *Scholl I* or *II* presents a "controlling question of law" has been put forth by the Court of Claims: "[q]uestions of law have only been deemed 'controlling,' under this statute, if they materially affect issues *remaining to be decided in the trial court.*" *See, e.g., Brown v. United States*, 3 Cl.Ct. 409, 411 (1983) (internal citations omitted); *Coast Federal Bank, FSB v. United States*, 49 Fed.Cl. 11 (2001); *Marriott Int'l Resorts*, 63 Fed.Cl. 144. Under this standard, *Scholl I* and *II* likely present controlling questions of law.

*"Substantial Ground for Difference of Opinion"*

The second criterion of Section 1292(d)(2) requires a "substantial ground for difference of opinion." Defendant's counsel has failed to show that a "substantial" ground for difference exists, as respects either *Scholl I* or *Scholl II*. The opinions he cites by the Ninth and Eleventh Circuit concern the preclusive effect the enactment of the CSRA had upon *Bivens* actions. In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, the Supreme Court held that a plaintiff could state a cause of action against a federal officer for constitutional violations occurring under the color of federal law. 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). As we stated in our decision, *Scholl II* involves totally different considerations from *Bivens* actions.

The Defendant cites opinions by our sister circuits for the proposition that the Civil Service Reform Act (CSRA), as interpreted by the Supreme Court in *United States v. Fausto*, 484 U.S. 439, 443, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), precludes challenges to adverse personnel decisions by judicial branch employees. *See Lee v. Hughes*, 145 F.3d 1272, 1274–1275 (11th Cir.1998) (probation officer); *Blankenship v. McDonald*, 176 F.3d 1192, 1195 (9th Cir.1999) (court reporter). Neither decision involved a bankruptcy judge. And consequently, neither court addressed our view that the Bankruptcy Reform Act of 1978, "a statutory scheme separate from the CSRA governs the appointment, reappointment, and removal of bankruptcy judges." *Scholl II*, 61 Fed.Cl. at 325. Instead, each cited decision addressed the availability of a *Bivens* action to a federal employee that was not afforded administrative or judicial remedies under the CSRA. The decisions by the Ninth and Eleventh Circuits offer authority on the question of whether the CSRA precludes the availability of other actions, including *Bivens* actions, for those employees under its purview, but those employees do not include bankruptcy judges.

As for *Scholl I*, our decision construed the language of a provision to determine whether the provision was mandatory. Not only was this exercise fairly unremarkable, but counsel's contribution was decidedly unhelpful.

### Conclusion

**The Defendant has failed to meet its burden of demonstrating that interlocutory appeal is warranted. Accordingly, its motion is denied.**

IT IS SO ORDERED.